4 F.3d 988
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Steven R. PHILLIPS, Defendant-Appellant.
 No. 93-5188.
 United States Court of Appeals,
Fourth Circuit.
 Argued: July 13, 1993.
Decided: September 8, 1993.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert D. Potter, District Judge. (CR-92-216-P)
 Argued: George Vernon Laughrun, II, Goodman, Carr, Nixon, Laughrun & Levine, Charlotte, North Carolina, for Appellant.
 Louise A. Lerner, Civil Rights Division, United States Department of Justice, Washington, D.C., for Appellee.
 On Brief: James P. Turner, Acting Assistant Attorney General, Jerry W. Miller, United States Attorney, David K. Flynn, Civil Rights Division, United States Department of Justice, Washington, D.C., for Appellee.
 W.D.N.C.
 AFFIRMED.
 Before WILKINSON, HAMILTON, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant Steven R. Phillips challenges his conviction and sentence in the United States District Court for the Western District of North Carolina. Finding no merit in his arguments, we affirm.
 
 I.
 
 2
 Steven Phillips was formerly a member of the Gastonia, North Carolina Police Department. One of his responsibilities in that capacity was to transport drunken persons from the city's streets to the county detoxification center. Phillips, along with several other officers, would frequently beat and abuse the drunken street people they picked up. After a federal investigation, Phillips was indicted and convicted for conspiring to deprive others of their federal civil rights, in violation of 18 U.S.C. Sec. 241, and deprivation of rights under color of law, in violation of 18 U.S.C. Sec. 242. Phillips was sentenced under the Federal Sentencing Guidelines. Under the Guidelines, the district court enhanced Phillips' sentence four levels because he "was a public official at the time of the offense," U.S.S.G. Sec. 2H1.1(b)(1), and an additional two levels because he "knew or should have known that a victim of the offense was unusually vulnerable," U.S.S.G. Sec. 3A1.1. Phillips challenges these two enhancements to his sentence.*
 
 II.
 
 3
 Phillips maintains that neither enhancement was proper. First, he argues that he was not a "public official" at the time of the offense, and therefore should not have received the four-level enhancement under Sec. 2H1.1(b)(1). Phillips suggests that, because there was no evidence that he ever took any oath of office and because he was not elected and did not report to any elected body, he was not a "public official." We disagree.
 
 
 4
 Phillips' argument that one must take an oath of office or be popularly elected to be a "public official" is unfounded. Self-evidently, one need not be popularly elected to be a "public official." Nor is there any indication that Congress intended the taking of an oath to be a sine qua non of "public official" status. The facts of this case make it abundantly clear that Phillips acted as a public officer at the time of his criminal conduct. Phillips was an employee on the public payroll occupying a position of public trust. Cf. United States v. Strissel, 920 F.2d 1162, 1165-66 (4th Cir. 1990) (proper inquiry for identifying "public official" under federal bribery provision, 18 U.S.C. Sec. 201, is whether individual occupies position of public trust with federal responsibilities) (citing Dixson v. United States, 465 U.S. 482 (1984), and United States v. Velazquez, 847 F.2d 140 (4th Cir. 1988)). Not only was Phillips carrying out his official responsibilities at the time of the offenses, but he also took advantage of his position in order to commit them. Under these circumstances, Phillips clearly was a "public official" for purposes of section 2H1.1(b)(1).
 
 
 5
 Phillips also contends that the district court improperly enhanced his sentence under section 3A1.1 of the Guidelines, which requires a two-level enhancement where "the defendant knew or should have known that a victim of the offense was unusually vulnerable due to age, physical or mental condition, or that a victim was otherwise particularly susceptible to the criminal conduct." Whether a victim was "unusually vulnerable" is necessarily a fact-specific inquiry. Here, not only did Phillips persecute intoxicated homeless people, but he deliberately targeted his victims for abuse only when they were in especially vulnerable circumstances. Phillips' standard practice was to abuse victims when they were helplessly isolated in the elevator at the detoxification center. Tr. at 277. Phillips and his cohorts also sought out homeless people in remote or obscure locations, out of view of witnesses, and even would transport them to such locations specifically to abuse them. E.g., Tr. at 28-31. It is hard to imagine circumstances in which victims could be more vulnerable. It was fully proper, therefore, for the district court to enhance Phillips' sentence under section 3A1.1.
 
 CONCLUSION
 
 6
 For the reasons stated herein, we affirm the judgment of the district court.
 
 AFFIRMED
 
 
 *
 Phillips also challenges his underlying conviction. He argues that he was not acting "under color of state law," that he never conspired to engage in the acts charged, and that the district court erred in instructing the jury on the reasonable doubt standard. Each of these arguments is meritless